MENOMINEE COUNTY TAXPAYERS ALLIANCE, INC v
MENOMINEE COUNTY CLERK

Docket No. 76251. Submitted October 15, 1984, at Marquette.—Decided December 18, 1984.

Defendants, the Menominee County clerk, prosecutor and probate judge, convened, pursuant to statute, for the purpose of appointing a new Menominee County treasurer when that office became vacant by reason of the former treasurer's resignation. They met on a single occasion, which was not open to the public, and an individual was appointed to the office of treasurer. Plaintiffs, the Menominee County Taxpayers Alliance, Inc., Jerome Hagen and Gary Anderson, sought to have the treasurer reappointed at a public forum subject to the requirements of the Open Meetings Act. When defendants refused to do so, plaintiffs brought an action for a declaratory judgment in Menominee Circuit Court seeking nullification of the appointment and injunctive relief. The plaintiffs stipulated that the person selected as treasurer was a suitable choice and that the defendants held a good faith belief that they were not required to comply with the act. The court, Clair J. Hoehn, J., held that the issues involved were moot and dismissed the case. Plaintiffs appealed. *Held:*

1. The county prosecutor, clerk, and probate judge constitute a "public body" within the meaning of the Open Meetings Act when they meet pursuant to statute to fill a vacancy in a county office.

2. The case was not moot, since the plaintiffs were seeking real relief. Further, the denial of a public hearing impaired the rights of the public in that plaintiffs were denied their right to present their views on the selection of a treasurer.

3. Because an intervening election has altered the composi-

REFERENCES FOR POINTS IN HEADNOTES

[1, 3-5] 2 Am Jur 2d, Administrative Law § 229.

56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 161.

Validity, construction, and application of statutes making public proceedings open to the public. 38 ALR3d 1070.

[2] 1 Am Jur 2d, Actions § 56.

20 Am Jur 2d, Courts § 81.

tion of the committee, the denial of the injunction is not reversed. However, because plaintiffs should have been granted the relief they sought, plaintiffs are entitled to attorney fees and costs.

Reversed in part.

ALLEN, P.J., agreed that the defendants constituted a "public body" under the statute. He would hold, however, that there was no showing of irreparable injury or danger to the public and that the trial court was, therefore, correct in denying the relief sought. Accordingly, plaintiffs should not be granted attorney fees and costs. He would affirm.

## OPINION OF THE COURT

1. STATUTES — OPEN MEETINGS ACT — PUBLIC BODIES.

A panel composed of a county prosecutor, county clerk and senior probate judge, convened pursuant to statute for the purpose of appointing a county treasurer to fill a vacancy in that office, is a "public body" for purposes of the Open Meetings Act (MCL 15.262[a], 168.209; MSA 4.1800[12][a], 6.1209).

2. ACTIONS — MOOT CASE.

A moot case is one in which a party seeks to get a judgment on a pretended controversy when in reality there is none, or a decision, in advance, about a right before it has been actually asserted and tested, or a judgment upon some matter which, when rendered, for any reason cannot have practical legal effect upon the then existing controversy.

3. STATUTES — OPEN MEETINGS ACT — ATTORNEY FEES.

A plaintiff who prevails in an action against a public body alleging a violation of the Open Meetings Act may recover actual attorney fees and costs even though intervening circumstances have made superfluous the award of injunctive relief originally sought by the plaintiff (MCL 15.271[4]; MSA 4.1800[21][4]).

## DISSENT BY ALLEN, P.J.

4. STATUTES — OPEN MEETINGS ACT — PUBLIC BODIES — INVALIDATION OF DECISIONS.

*Decisions arrived at by a public body without a public meeting may be, but need not be, invalidated at the discretion of the court; a party seeking to have the decision invalidated must allege both that the public body failed to comply with the Open Meetings Act and that such failure impaired the rights of the public (MCL 15.270[2]; MSA 4.1800[2][2]).*

5. Statutes — Open Meetings Act — Attorney Fees.

*Parties seeking relief under the Open Meetings Act should not be awarded attorney fees where the relief sought is rightfully denied.*

*William Dyke Justin,* for plaintiffs.

*Butch, Quinn, Rosemurgy, Jardis & Valkanoff, P.C.* (by *Thomas L. Butch),* for defendants.

Before: ALLEN, P.J., and R. B. BURNS and R. M. MAHER, JJ.

PER CURIAM. Plaintiffs appeal as of right from an order of the trial court dated January 12, 1984, dismissing on grounds of mootness plaintiffs' action to set aside defendants' appointment of the Menominee County treasurer. The matter comes to us on a stipulation of facts, the relevant portions of which are as follows.

The Menominee County treasurer resigned from that office effective as of November 7, 1983. Pursuant to MCL 168.209; MSA 6.1209, defendants, the Menominee County clerk, prosecutor, and probate judge, came together to appoint a suitable person to replace the former Menominee County treasurer. Defendants met on a single occasion to discuss the qualifications required for the Menominee County treasurer. At this gathering, various individuals were discussed concerning their suitability for the treasurer position. In the context of discussion of various individuals' suitability, potential conflicts of interest were discussed with regard to various potential appointees. No notice of any public meeting was posted before defendants came together to discuss and make their appointment. The discussion was held in private and was not open to the public. As a result of that discussion, defendant Krause, county clerk, was empowered

by defendants Jurmu, prosecutor, and Rolfs, probate judge, to contact Bernard Lang, an individual residing in the county. Defendants unanimously appointed Lang the Treasurer of Menominee County.

Plaintiffs stipluate that Lang is a suitable person to fill the office of treasurer. Subsequent to the appointment of Lang, plaintiffs contacted defendants and requested by letter that the appointment be re-enacted in an open forum, subject to the requirements of the Michigan Open Meetings Act, MCL 15.261 *et seq.;* MSA 4.1800(11) *et seq.* Defendants declined to publicly reappoint the treasurer. Plaintiffs also stipulate that defendants at all relevant times held a good faith belief that they were not required to comply with the Michigan Open Meetings Act in filling the vacancy.

Plaintiffs filed an action for a declaratory judgment in the circuit court for Menominee County. Hearings were held on the facts stipulated by the parties, and on January 4, 1984, the trial court issued a written opinion in which, after quoting extensively from this Court's opinion in *Esperance v Chesterfield Twp,* 89 Mich App 456, 464; 280 NW2d 559 (1979), the court concluded:

"It is the holding of this Court that the issues here involved are moot, that no actual case or controversy within the meaning of MGCR 521 exists and this Court does not have jurisdiction to issue a Declaratory Judgment in the matter.

"The case is, therefore, dismissed."

On appeal two issues are raised, the first of which is an issue of first impression: (I) whether the county clerk, county prosecutor and senior probate judge denominated in MCL 168.209(2); MSA 6.1209(2) to fill a vacancy in the county

treasurer's office constitute a public body subject to the open meetings act when deliberating on that decision; and (II) whether the trial court's ruling that the issues presented were moot and, accordingly, that plaintiffs were not entitled to relief was erroneous. The trial judge did not reach the first issue.

I

Section 3(1) of Michigan's Open Meetings Act mandates that all meetings "of a public body" be open to the public. MCL 15.263; MSA 4.1800(13). Section 2(a) defines public body as follows:

" 'Public body' means any state or local legislative or governing body, including a board, commission, committee, subcommittee, authority, or council, which is empowered by state constitution, statute, charter, ordinance, resolution, or rule to exercise governmental or proprietary authority or perform a governmental or proprietary function, or a lessee thereof performing an essential public purpose and function pursuant to the lease agreement." MCL 15.262(a); MSA 4.1800(12)(a).

Defendants claim that they are nothing more than an *ad hoc, pro tem* group which is neither a "legislative or governing body", and thus are not subject to the mandates of § 3(1). We agree that defendants in their collective capacity are not a "legislative body". However, we disagree that they are not "a governing body". Under the statute creating them they are empowered, and in fact required, to perform a governmental function. What could be more obviously governmental than the appointment of a treasurer? MCL 168.209; MSA 6.1209 provides:

"Sec. 209. When a vacancy shall occur in an elective

or appointive county office, it shall be filled in the following manner:

"(1) If the vacancy shall be in the office of county clerk or prosecuting attorney, it shall be filled by appointment by the judge or judges of that judicial circuit.

"(2) If the vacancy shall be in any other county office, either elective or appointive, the presiding or senior judge of probate, the county clerk and the prosecuting attorney shall appoint some suitable person to fill such vacancy."

Accordingly, on this issue of first impression, we hold that the county prosecutor, county clerk, and senior probate judge constitute a "public body" for purposes of the Open Meetings Act when those individuals come together pursuant to MCL 168.209(2); MSA 6.1209(2) for the purpose of filling a vacancy in a county office.

II

Plaintiffs argue that the trial court's findings which led the court to conclude that the matter was "moot" were in error. The court's statements that plaintiffs did not want the appointment changed and did not seek an injunction or other remedy is not supported by the record. While the plaintiffs' counsel at the hearing, in response to questions by the court, did at one point say that his clients were "basically not seeking any relief", counsel in concluding argument clearly stated that plaintiffs wanted the court to rule that the closed session was a violation of the Open Meetings Act and to declare that the appointment was a nullity.

A moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision, in advance, about a right before it has been actually asserted and tested, or judgment upon some matter which,

when rendered, for any reason cannot have practical legal effect upon the then existing controversy. *Parsons Investment Co v Chase Manhattan Bank,* 466 F2d 869 (CA 6, 1972). The description of the issue as moot would have been correct if plaintiffs had indeed requested no remedy offered by the statute. In that case, the judgment could not have had any practical legal effect upon the existing controversy. However, it is clear from the pleadings and oral arguments that plaintiffs sought nullification of the appointment and the pleadings made clear that plaintiffs sought to further enjoin the committee from violating the Michigan Open Meetings Act. Thus, the trial court erred when it declared the matter moot.

The denial of a public hearing in itself impaired the rights of the public. We find that, at the time the committee selected the treasurer, plaintiffs were denied their right to present their views. We further find that we would reverse the trial court's order denying the injunction except for the fact that the intervening election drastically altered the composition of the committee.

Therefore, we conclude that plaintiffs are entitled to actual attorney fees and costs as provided under § 11(4) of the statute (MCL 15.271[4]; MSA 4.1800[21][4]). Precedent for our decision in this regard is found in *Ridenour v Dearborn Bd of Ed,* 111 Mich App 798, 806; 314 NW2d 760 (1981). There, under similar, but not identical, circumstances, attorney fees and costs were allowed even though the precise relief plaintiff requested was not ordered.

Accordingly, the judgment of the trial court is reversed. Plaintiffs should have been granted the relief requested. Judgment is entered in favor of plaintiffs for actual attorney fees and costs.

ALLEN, P.J. *(dissenting)*. While I agree with my colleagues on Issue I, I respectfully disagree that the trial court erred on Issue II. Under § 10(2), decisions arrived at without a public meeting may (not must) be invalidated. The statute clearly so provides. MCL 15.270(2); MSA 4.1800(20)(2). Further, our Court specifically so held in *Esperance v Chesterfield Twp,* 89 Mich App 456; 280 NW2d 559 (1979).

In *Esperance* the township board awarded a liquor license without revealing at the public meeting how each board member voted. As in the case before us, it was agreed that the township board had not intentionally sought to evade the Open Meetings Act and had not engaged in subterfuge. Our Court refused to find error, saying:

"Merely because secret balloting is prohibited by the Open Meetings Act does not automatically mean that the board's decision in the present case must be invalidated, and that an injunction must issue restraining defendant from utilizing the procedure in the future.

"Invalidation of decisions made in contravention of the act is discretionary with the court. *Those seeking to have the decision invalidated must allege not only that the public body failed to comply with the act, but also that this failure impaired the rights of the public.* MCL 15.270(2); MSA 4.1800(20)(2). This was not done in the present case. Plaintiff did not allege that the township board willfully or intentionally sought to violate the act. Nor is there any allegation that the board or any of its members were trying to cover up for misdeeds or to hide the identity of the persons for whom they voted. Since plaintiff failed to allege that the rights of the public were impaired by the secret ballot, he failed to state a cause of action under the act for invalidating the decision of the board.

"Finally, the record indicates that the board acted in good faith in utilizing the voting procedure. There was no subterfuge involved, but instead the board adopted the procedure as an expedient, albeit improper, method

of narrowing the field of applicants. *Under this set of circumstances, there is no real and imminent danger of irreparable injury requiring issuance of an injunction."* (Emphasis supplied.) (Footnotes omitted.) 89 Mich App 464-465.[1]

In the instant case the parties have stipulated that the three-man committee acted in good faith, that there was no intention to circumvent the statute, and that the person appointed treasurer was "suitable". This being so, obviously no irreparable injury or danger to the public existed. Therefore, I must conclude that under the statute the respected trial judge was correct in denying the relief then sought by plaintiffs, *viz.:* nullification of the appointment and an injunction. Under the stipulated facts, the issue was indeed "moot". When the relief sought at the hearing is rightfully denied, those seeking the relief should not be awarded actual attorney fees.

The Legislature did not intend to saddle the taxpayers with attorney fees and costs when the public interest was not in fact impaired. Charging such costs to defendant's treasury now turns the statute upside down. I would affirm.

---

[1] For further discussion of *Esperance,* see 26 Wayne L Rev, pp 397 and 757 (1980). See also, Guthrie, *Validity, Construction, and Application of Statutes Making Public Proceedings Open to the Public,* 38 ALR3d 1070.