## CAPE v HOWELL BOARD OF EDUCATION

Docket No. 75136. Submitted August 16, 1984, at Lansing.—Decided September 4, 1985.

Plaintiff, Thomas H. Cape, brought an action against the Howell Board of Education and the City of Howell, alleging that the school board violated the Open Meetings Act by deciding in closed sessions to grant and, subsequently, to extend an option to the City of Howell to buy a school building from the board. The property was thereafter transferred at a regular board meeting, and plaintiff's complaint requested that the transfer be invalidated. Defendants brought a motion seeking both accelerated and summary judgments, and plaintiff brought a motion for leave to amend his complaint to allege that the asserted violation of the act was detrimental to and impaired the public interest. The Livingston Circuit Court, Stanley J. Latreille, J., granted accelerated judgment to defendants on the basis that the complaint was not timely filed and granted summary judgment because plaintiff had not alleged that the public good was impaired or that the board wilfully or intentionally violated the act. Plaintiff's motion to amend was denied and the complaint was dismissed. Plaintiff appealed. *Held:*

1. Plaintiff's characterization of defendants' motion for summary and accelerated judgment as a "hybrid" motion is incorrect. The motion stated the bases upon which defendants sought each type of relief, and the particular court rules upon which the motion was based were identified at the hearing on the motion. The defendants clearly were making two separate claims.

2. The grant of accelerated judgment should be vacated because the trial court used the wrong date upon which to start

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Summary Judgment §§ 12 *et seq.*

[2] Am Jur 2d, Schools §§ 46 *et seq.*

See the annotations in the ALR3d/4th Quick Index under topic Schools.

[3] Am Jur 2d, Pleading §§ 306 *et seq.*

See the annotations in the ALR3d/4th Quick Index under topic Amendment of Pleadings.

the running of the period of limitation. The proper date was that of the board's last closed session at which it decided to extend the city's option. Plaintiff's complaint was timely.

3. The grant of summary judgment was proper. Plaintiff's complaint was conclusory and failed to state a claim upon which relief could be granted.

4. The trial court properly denied plaintiff's motion to amend the complaint. The motion sought merely to include an allegation that the board's actions impaired the rights of the public, without any factual allegations to support that conclusion, and plaintiff failed to submit factual allegations when given the opportunity to do so.

Affirmed, but the grant of accelerated judgment was vacated.

1. MOTIONS AND ORDERS — HYBRID MOTIONS.
   The use of a "hybrid" motion for accelerated or, in the alternative, summary judgment is discouraged.

2. SCHOOLS — OPEN MEETINGS ACT — DECISION OF PUBLIC BODY.
   The decision of a school board to extend a previously-granted purchase option to a buyer of school-district-owned real estate is a "decision" of a public body for purposes of the Open Meetings Act and as defined therein (MCL 15.262[d]; MSA 4.1800[12][d]).

3. PLEADING — AMENDMENT OF PLEADINGS.
   The decision to grant leave to a party to amend his pleadings is within the trial court's discretion, but leave should be freely given when justice so requires and should be denied only for particular reasons (GCR 1963, 118.1).

*Lord & Lassen, P.C.* (by *Gregory F. Lord*), for plaintiff.

*Wilfred H. Erwin,* for the Howell Board of Education.

*Reck, Reck & Ashley, P.C.* (by *J. David Reck*), for the City of Howell.

Before: CYNAR, P.J., and WAHLS and S. T. FINCH,* JJ.

PER CURIAM. On July 22, 1983, plaintiff com-

* Circuit judge, sitting on the Court of Appeals by assignment.

menced an action for violation of the Open Meet-
ings Act, MCL 15.261 *et seq.;* MSA 4.1800(11) *et
seq.,* and particularly § 8 thereof.[1] Plaintiff alleged
that, at a regular meeting of the Howell Board of
Education on February 14, 1983, the board con-
ducted a closed executive session for the stated
purpose of discussing real estate and that, in the
closed session, the board discussed accepting an
option to purchase certain school property by the
City of Howell. The approved minutes of the meet-
ing, attached as an appendix to plaintiff's com-
plaint, show that a motion to accept the option
carried. Plaintiff alleged that another improper
executive session occurred at the June 7, 1983,
regular meeting; the minutes indicate that the
board again went into executive session to discuss
real estate and subsequently voted to authorize an
extension of the city's option until August 15,
1983. Plaintiff further alleged that sale of the
property was authorized at the June 27, 1983,
regular meeting and transfer was made the same
day by warranty deed. On information and belief,
plaintiff alleged that the city was going to transfer
the property to the United States Postal Service.
Without specifying which meetings were impli-
cated, plaintiff alleged a failure to give adequate
notice to the public of the agenda items and to

[1] MCL 15.268; MSA 4.1800(18) provides in relevant part:
"A public body may meet in closed session only for the following
purposes:

\* \* \*

(d) To consider the purchase or lease of real property up to the time
an option to purchase or lease that real property is obtained."

Plaintiff contends that there is no exception for the *sale* of real
property from the general rule that "[a]ll deliberations of a public
body constituting a quorum of its members shall take place at a
meeting open to the public", MCL 15.263(3); MSA 4.1800(13)(3). The
general rule "implicitly requires that all parts of the meeting (unless
specifically excluded by the act) also be open to the public". *Esperance
v Chesterfield Twp,* 89 Mich App 456, 463; 280 NW2d 559 (1979).

provide an opportunity to be heard.[2] Plaintiff requested that the June 27 transfer of property be invalidated.[3]

Service of process was accomplished on September 26, 1983, on both defendants. On October 13, 1983, the city answered the complaint and raised as affirmative defenses that the claim was barred by the statute of limitations and by laches, and that plaintiff failed to state a claim because he did not allege any willful or intentional evasion of the Open Meetings Act by the board. The same day, defendants jointly filed a motion for accelerated and/or summary judgment on the grounds that the period of limitation had run, that no violation of the Open Meetings Act had occurred, and that willful or intentional evasion of the act had not been alleged.

On November 2, 1983, plaintiff brought a motion for leave to amend his complaint "to include allegations that the asserted failure of the Howell Board of Education to comply with the requirements of Michigan's Open Meetings Act was detrimental to and impaired the public interest and, further, that such violations were intentional and

[2] Nor does plaintiff cite which statutory provisions he is relying on for his asserted notice requirement for agenda items. Section 4 of the act requires notice of the name, telephone number and address of the public body, while § 5 requires notice only of date, time and place. In *Haven v City of Troy*, 39 Mich App 219; 197 NW2d 496 (1972), this Court distinguished between a public meeting and a public hearing. Although the public board meetings act of 1968 did not require notice of the contents of a meeting, this Court held that, where a public hearing is held at a meeting, notice of the contents of the hearing must be given. Plaintiff in this case does not say whether sale of school property requires a hearing.

[3] MCL 15.270(2); MSA 4.1800(20)(2) provides:

"A decision made by a public body may be invalidated if the public body has not complied with the requirements of section 3(1), (2), and (3) in making the decision or if failure to give notice in accordance with section 5 has interfered with substantial compliance with section 3(1), (2), and (3) and the court finds that the noncompliance or failure has impaired the rights of the public under this act."

designed to preclude public discussion of the decision of that body to sell" certain school property to the city.

Plaintiff's and defendants' motions were heard on November 7, 1983. Counsel agreed that defendants' motion was brought pursuant to GCR 1963, 116.1(5) and 117.2(1). The court then granted accelerated judgment to defendants because the complaint was not filed within either 30 or 60 days of February 14, 1983, which the court viewed as being the date when "the substantive meeting took place". The court also granted summary judgment to defendants, at least in part because plaintiff did not allege "that the public good was impaired or that the school board willfully or intentionally sought to violate the Act". The court denied plaintiff's motion to amend because the school building, which plaintiff apparently wanted to preserve, had been torn down during the period between commencement of the action and service of process on defendants; the court concluded that leave to amend would work an injustice. However, the court indicated that it would reconsider the motion to amend if plaintiff alleged facts of "some sort of skullduggery or some sort of misdeed as would be suggested by" *Esperance v Chesterfield Twp,* 89 Mich App 456; 280 NW2d 559 (1979). The court concluded that the conclusory allegations in plaintiff's motion were insufficient. An order dismissing the complaint was entered November 14, 1983, from which plaintiff has appealed as of right.

Plaintiff argues that defendants' motion was defective as a "hybrid" motion and for failure to cite what court rules it was premised on. This Court has repeatedly criticized the use of hybrid motions for accelerated and/or summary judgment. See *Ceplin v Bastian-Blessing Division of Golconda Corp,* 90 Mich App 527, 530; 282 NW2d

380 (1979), *Knapp v Dearborn,* 60 Mich App 16, 26; 230 NW2d 293 (1975). However, those cases dealt with the requests for accelerated and/or summary judgment where there was only a single basis presented for dismissing the complaint and that basis was not clear from the motion.

In the instant case, defendants' request for accelerated and/or summary judgment was proper since defendants presented separate reasons for dismissing the complaint. Specifically, defendants asserted that they were entitled to accelerated judgment because the claim was barred by the statute of limitations and were also entitled to summary judgment because the complaint failed to set forth a claim upon which relief could be granted. Defendants were, therefore, making separate claims and were not combining these requests into a single "hybrid" motion.

Defendants' failure to "identify" the court rules under which they were proceeding did not lead to any confusion which would make the granting of the motions improper. In *Partrich v Muscat,* 84 Mich App 724, 729; 270 NW2d 506 (1978), this Court admonished trial courts and attorneys for the failure to specify the particular subrule of the summary judgment rule under which summary judgment was requested and granted. This Court stated:

"Unless the applicable subrule under which a party is proceeding is identified, the trial court's job of deciding the motion and our review on appeal become much more difficult. * * * Unless attorneys devote more thought and consideration to the basis upon which such motions are brought, the problem is likely to be further compounded with the consolidation of present rules 116 and 117 in the future. * * * At some point, counsel and trial courts may be subjected to a summary remand to clarify the grounds upon which such a judgment is granted."

In the instant case, defendants failed to specify the court rules on which their motion was based. Defendants, however, stated in their motion for accelerated and/or summary judgment that plaintiff's claim was "barred by the applicable limitation period contained within the Open Meetings Act", *and* that plaintiff had failed to meet the "threshold jurisdictional requirement" since plaintiff did not allege "wilful or intentional evasion of the spirit and intent of the Open Meetings Act". Moreover, the particular court rules were identified at the hearing on November 7, 1983. The parties and trial court agreed that the motion for accelerated judgment was brought under GCR 1963, 116.1(5) and the motion for summary judgment was brought under 117.2(1). Neither attorney expressed any confusion as to which court rules were applicable. Consequently, the court rules under which the motions were granted were adequately indicated in the trial court record and we find ourselves readily able to review the lower court's order on its merits.

Plaintiff argues that accelerated judgment was improper because controlling issues of fact existed. *Schipani v Ford Motor Co,* 102 Mich App 606; 302 NW2d 307 (1981). We disagree, being unable to find any genuine issues of fact relevant to disposition of the issue whether the period of limitation had run. Nevertheless, we vacate the grant of accelerated judgment to defendants because the court below used the incorrect date to start the period running.

Section 10 of the Open Meetings Act, MCL 15.270(3); MSA 4.1800(20)(3), provides:

"The circuit court shall not have jurisdiction to invalidate a decision of a public body for a violation of this act unless an action is commenced pursuant to this section within the following specified period of time:

"(a) Within 60 days after the approved minutes are made available to the public by the public body except as otherwise provided in subdivision (b).

"(b) If the decision involves the approval of contracts, the receipt or acceptance of bids, the making of assessments, the procedures pertaining to the issuance of bonds or other evidences of indebtedness, or the submission of a borrowing proposal to the electors, within 30 days after the approved minutes are made available to the public pursuant to that decision."

The circuit court found it unnecessary to decide whether the 30 or 60 day period was applicable; we likewise need not reach that issue. What is important is the meaning of "decision". MCL 15.262(d); MSA 4.1800(12)(d) gives the following definition for purposes of the act:

" 'Decision' means a determination, action, vote, or disposition upon a motion, proposal, recommendation, resolution, order, ordinance, bill, or measure on which a vote by members of a public body is required and by which a public body effectuates or formulates public policy."

We hold that the June 7, 1983, decision of the board to extend the city's option was a "decision" within the meaning of the act. The minutes of the June 7 meeting were approved, and presumably made available to the public, on June 27, 1983. Since plaintiff's complaint was filed on July 22, 1983, the action was timely commenced regardless of which limitation period is applied.

We turn next to the grant of summary judgment to defendants. Plaintiff does not contest the requirement of *Esperance, supra,* p 464, that the complaint must allege that the public body's failure to comply with the act impaired the rights of the public. See MCL 15.270(2); MSA 4.1800(20)(2).

Rather, plaintiff argues the sufficiency of his allegation that the Howell taxpayers were deprived of due process in that they lacked adequate notice and opportunity for a hearing. We believe that this conclusory allegation stated nothing more than the fact that an open meeting was not held as required by the act. Accordingly, we hold that plaintiff's complaint failed to state a claim.

Plaintiff did, however, seek to conform his complaint to the *Esperance* requirement by bringing a motion for leave to amend. Leave "shall be freely given when justice so requires". GCR 1963, 118.1. The decision to grant leave to amend the pleadings is within the trial court's discretion, but leave should be denied only for particular reasons. *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 656; 213 NW2d 134 (1973). In this case, we find no abuse of discretion.

Plaintiff states that he sought the amendment to include a "procedurally required allegation" that the board's actions impaired the rights of the public. We disagree with plaintiff's characterization of the *Esperance* requirement that impairment of public rights be alleged. Mere recital of the language of § 10(2) of the act is insufficient where there are no factual allegations to support the conclusion. The trial court recognized this and gave plaintiff the opportunity to submit factual allegations. Plaintiff now contends that he was denied the opportunity to do discovery and develop the facts, but we find nowhere in the record where plaintiff sought to develop factual allegations or to request time to do so. Accordingly, we agree with the court below that to protract the case would have been unjust.

Affirmed, but the grant of accelerated judgment is vacated.