KNAUFF v OSCODA COUNTY DRAIN COMMISSIONER

Docket No. 204112. Submitted September 9, 1999, at Lansing. Decided April 14, 2000, at 9:00 A.M.

Edward E. Knauff and others brought an action in the Oscoda Circuit Court against the Oscoda County Drain Commissioner, the Big Creek/Mentor Township Utility Authority, the Board of Determination, Big Creek Township, and Mentor Township, seeking to enjoin the construction of a sewer system on the basis that the defendants had failed to comply with the procedures set forth in the Drain Code, MCL 280.1 *et seq.*; MSA 11.1001 *et seq.* The defendants moved for summary disposition, arguing that the Drain Code was inapplicable to the sewer project at issue, because the sewer system was being constructed pursuant to and in accordance with the provisions of the sewage disposal, water supply, and solid waste management system authorities act (sewage disposal act), MCL 124.281 *et seq.*; MSA 5.2769(51) *et seq.* The court, J. Richard Ernst, J., found that the sewage disposal act was enacted specifically to address common problems of sewage disposal and is separate and distinct from the Drain Code, which addresses the more comprehensive issue of drainage of land burdened by excess surface or ground water. The court held that plain and unambiguous language of the sewage disposal act authorized this sewer project to proceed under the provisions of that act without reference to the provisions of the Drain Code. Because the plaintiffs had alleged only the failure of the defendants to comply with the provisions of the Drain Code, the court granted summary disposition for the defendants. The court thereafter denied the plaintiffs' motion to amend their complaint to allege violations of the sewage disposal act. The plaintiffs appealed.

The Court of Appeals *held*:

1. The sewage disposal act provides that two or more municipalities may incorporate an authority for the purpose of acquiring, owning, and operating a sewage disposal system, MCL 124.282; MSA 5.2769(52), and that the authority thus created may construct a sewer project under the provisions of the sewage disposal act without reference to the provisions of any other law. The plain and unambiguous language of the sewage disposal act allows the

defendants to construct a new sewer system without reference to the provisions of the Drain Code.

2. Although the Drain Code was enacted after the sewage disposal act, the plaintiffs have failed to meet the burden of showing that the Legislature intended by implication to repeal the sewage disposal act by its enactment of the Drain Code. Repeals by implication are not favored and may be found only where there is a clear conflict between the two statutes or where the subsequent statute was clearly intended to occupy the entire field covered by the prior enactment. No such conflict or intent was shown with respect to these two statutes.

3. The trial court did not abuse its discretion in refusing to allow the plaintiffs to amend their complaint to claim a violation of the provisions of the sewage disposal act. Because the plaintiffs could not articulate with specificity the grounds for the new claim, and in light of the considerable prejudice to the defendants resulting from the public expense involved in further delay of the sewer project, it was not an abuse of discretion to refuse to permit the amendment of the plaintiffs' complaint to bring a claim alleging a violation of the sewage disposal act.

4. Because the plaintiffs' claim of a violation of the Open Meetings Act, MCL 15.261 et seq.; MSA 4.1800(11) et seq., was not supported by specific facts supporting their general allegation of a violation of the act or by specific facts setting forth the manner in which the rights of the public were impaired, the trial court properly held that the plaintiffs had failed to state a claim under the Open Meetings Act.

5. The sewage disposal act does not violate the Title-Object Clause of the Michigan Constitution, Const 1963, art 4, § 24.

Affirmed.

1. MUNICIPAL CORPORATIONS — SEWAGE DISPOSAL, WATER SUPPLY, AND SOLID WASTE MANAGEMENT SYSTEM AUTHORITIES ACT — DRAIN CODE.

The sewage disposal, water supply, and solid waste management system authorities act provides that two or more municipalities may incorporate an authority for the purpose of acquiring, owning, and operating a sewage disposal system and that the authority thus created may construct a sewer project under the provisions of that act without reference to the provisions of any other law; accordingly, the plain and unambiguous language of that act allows the construction a new sewer system pursuant to the provisions of that act without requiring compliance with the provisions of the Drain Code (MCL 124.281 et seq., 280.1 et seq.; MSA 5.2769[51] et seq., 11.1001 et seq.).

2. DRAINS — DRAIN CODE — SEWAGE DISPOSAL, WATER SUPPLY, AND SOLID
WASTE MANAGEMENT SYSTEM AUTHORITIES ACT — DRAIN CODE — REPEAL
BY IMPLICATION.

   The Drain Code, although enacted after the sewage disposal, water
   supply, and solid waste management system authorities act, was
   not intended by the Legislature to repeal by implication the sewage
   disposal, water supply, and solid waste management system
   authorities act (MCL 124.281 *et seq.*, 280.1 *et seq.*; MSA 5.2769[51] *et
   seq.*, 11.1001 *et seq.*).

3. CONSTITUTIONAL LAW — SEWAGE DISPOSAL, WATER SUPPLY, AND SOLID WASTE
MANAGEMENT SYSTEM AUTHORITIES ACT — TITLE-OBJECT CLAUSE.

   The sewage disposal, water supply, and solid waste management sys-
   tem authorities act does not violate the Title-Object Clause of the
   Michigan Constitution (Const 1963, art 4, § 24; MSA 124.281 *et seq.*;
   MSA 5.2769[51] *et seq.*).

*J. Russell Hughes, Jr.*, for the plaintiffs.

*Dickinson Wright PLLC* (by *Bruce R. Byrd*), for
the defendants.

Before: MURPHY, P.J., and GAGE and WILDER, JJ.

WILDER, J. Plaintiffs appeal as of right from a trial
court order granting defendants' motion for summary
disposition. We affirm.

In December 1992, defendants Big Creek Township
and Mentor Township commenced development of a
new sewage disposal system in Oscoda County to
serve its residents. In March 1997, just before con-
struction of the project was scheduled to begin, plain-
tiffs filed the instant lawsuit seeking to enjoin defend-
ants from constructing the sewer system, alleging that
they failed to comply with the procedures specified in
Michigan's Drain Code, MCL 280.1 *et seq.*; MSA
11.1001 *et seq.* In response, defendants filed a motion
for summary disposition under MCR 2.116(C)(10),
arguing that the Drain Code was inapplicable to this
project and that the sewer system was properly con-

structed in accordance with the provisions of Michigan's sewage disposal, water supply, and solid waste management system authorities act (sewage disposal act), MCL 124.281 *et seq.*; MSA 5.2769(51) *et seq.*

After a hearing on defendant's motion, the trial court found that the sewage disposal act was enacted specifically to address common problems of sewage disposal and is separate and distinct from the Drain Code, which addresses the more comprehensive issue of drainage of land burdened by excess surface or ground water. The trial court further found that, pursuant to the unambiguous statutory language, construction of the sewer system in Oscoda County was permitted by the sewage disposal act, without reference to the Drain Code. Thus, because plaintiffs' complaint only alleged failure of defendants to comply with the provisions of the Drain Code and did not allege any violations of the sewage disposal act, the trial court granted summary disposition to defendants.

This Court reviews a trial court's decision regarding summary disposition de novo. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). A motion under MCR 2.116(C)(10) tests whether there is factual support for a claim. This Court reviews the affidavits, pleadings, depositions, or any other documentary evidence presented by the parties in the light most favorable to the nonmoving party, affording all reasonable inferences to the nonmovant, to determine whether the moving party is entitled to judgment as a matter of law. *Bertrand v Alan Ford, Inc*, 449 Mich 606, 615; 537 NW2d 185 (1995); *Marx v Dep't of Commerce*, 220 Mich App 66, 70; 558 NW2d 460 (1996).

On appeal, plaintiffs contend the trial court erred in ruling that defendants could proceed with construction exclusively under the provisions of the sewage disposal act. Plaintiffs contend that compliance with the Drain Code represents the only way to construct a new sewage system in Michigan and that defendants never filed a petition to locate, establish, and construct the sewer system at issue with the county drain commissioner, as required under the Drain Code.[1] While defendants admit that they did not file a petition with the county drain commissioner under the Drain Code, they contend the trial court properly held the filing of a petition to locate, establish, and construct the sewer system was unnecessary because they were entitled to proceed solely under the sewage disposal act, without reference to the Drain Code. We agree with the trial court's conclusion that the sewage disposal act permits defendants to proceed solely under that act and, therefore, affirm the trial court's grant of summary disposition in favor of defendants.

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). Statutory language should be construed reasonably, keeping in mind the purpose of the act. *Barr v Mt Brighton Inc*, 215 Mich App 512, 516; 546 NW2d 273 (1996). The first criterion in determining intent is the

---

[1] The Drain Code, MCL 280.71; MSA 11.1071, provides in pertinent part:

After a drainage district has been established and the order therefore filed with the county drain commissioner, a petition to locate, establish, and construct a drain may be filed with the commissioner having jurisdiction of the lands designated in such order as constituting the drainage district.

specific language of the statute. *House Speaker v State Administrative Bd*, 441 Mich 547, 567; 495 NW2d 539 (1993). The fair and natural import of the terms employed, in view of the subject matter of the law, should govern. *In re Wirsing*, 456 Mich 467, 474; 573 NW2d 51 (1998). The Legislature is presumed to have intended the meaning it plainly expressed. *Nation v W D E Electric Co*, 454 Mich 489, 494; 563 NW2d 233 (1997).

The sewage disposal act, MCL 124.282;    MSA 5.2769(52), states in pertinent part:

> (1) Any 2 or more municipalities may incorporate an authority for the purpose of acquiring, owning, improving, enlarging, extending, and operating a sewage disposal system . . . by the adoption of articles of incorporation by the legislative body of each of the municipalities.

Further, MCL 124.284(2)(e); MSA 5.2769(54)(2)(e) provides:

> (2) An authority may do all of the following:

> \*     \*     \*

> (e) Determine the location of any project *constructed by it* under the provisions of this act, and to determine, in its discretion and *without reference to any other provision of this act or any other law*, the design, standards, and the materials of construction, and *construct*, maintain, repair, and operate the project. [Emphasis added.]

In *Jones v East Lansing-Meridian Water & Sewer Authority*, 98 Mich App 104, 107; 296 NW2d 202 (1980), this Court interpreted the sewage disposal act as an express grant to municipalities to create authorities to develop new sewage systems without reference to the Drain Code. In *Jones*, this Court adopted

the trial court's opinion with regard to the purpose of the sewage disposal act:

> "This Court is persuaded that the Act was designed to confront the increasingly complex nature of population growth centers and to give municipalities, particularly those in close proximity, better tools with which to embark upon water and sewage management." [*Id.* at 108.]

Consistent with the *Jones'* Court's interpretation of the purpose of the sewage disposal act, we find that the plain and unambiguous language of the act allows defendants to construct a *new* sewer system in its county, not simply maintain or update an existing sewer system, without reference to any other law, particularly the Drain Code. Indeed, were we to hold that defendants were required to comply with both the sewage disposal act and the Drain Code, as plaintiffs submit, we would render nugatory statutory language that plainly requires the opposite result. *Altman v Meridian Twp*, 439 Mich 623, 635; 487 NW2d 155 (1992).

Plaintiffs further contend that the Drain Code, enacted after the sewage disposal act, impliedly repealed the sewage disposal act.[2] As a general rule, repeals by implication are disfavored. *Wayne Co Prosecutor v Dep't of Corrections*, 451 Mich 569, 576; 548 NW2d 900 (1996). Courts presume, in most circumstances, that if the Legislature intended to repeal a statute or a statutory provision, it would have expressly done so. *Id.* " 'Repeals by implication are not favored and will not be indulged in if there is any

---

[2] The sewage disposal act was enacted by 1955 PA 233, effective October 14, 1955, and the Drain Code was enacted by 1956 PA 40, effective March 28, 1956.

other reasonable construction. The intent to repeal must very clearly appear, and courts will not hold to a repeal if they can find reasonable ground to hold the contrary.' " *House Speaker, supra* at 562, quoting *Attorney General ex rel Owen v Joyce*, 233 Mich 619, 621; 207 NW 863 (1926). Despite the presumption against it, a repeal by implication may be found when there is a clear conflict between the two statutes or when a subsequent law was clearly intended to occupy the entire field covered by a prior enactment. *Wayne Co Prosecutor, supra* at 577. In either case, " 'the burden on the party claiming an implied repeal is a heavy one.' " *Id.*, quoting *House Speaker, supra* at 563.

In this case, plaintiffs have not met their heavy burden. We do not find that a clear conflict exists between the Drain Code and the sewage disposal act or that the Legislature clearly intended for the Drain Code to occupy the entire field covered by the sewage disposal act. *Wayne Co Prosecutor, supra; House Speaker, supra.* Rather, we read these two statutes as providing alternative methods, independent of one another, for constructing a sewer system. When two statutes, claimed to be in conflict, can be reasonably construed harmoniously, this Court must do so rather than find repeal by implication. *Id.* Because we find no clear manifestation in the express terms of the Drain Code that the Legislature intended to repeal the sewage disposal act, and because the two statutes can be construed harmoniously, we reject plaintiffs' contention that the Drain Code impliedly repealed the sewage disposal act.

Next, plaintiffs argue that the trial court erred in denying their request to amend their complaint to

state a cognizable cause of action under the sewage disposal act. We disagree.

The grant or denial of leave to amend is within the sole discretion of the trial court. *Weymers v Khera*, 454 Mich 639, 654; 563 NW2d 647 (1997). Generally, a court should freely grant leave to amend a complaint when justice so requires. MCR 2.118(A)(2); *Weymers*, *supra* at 658. The rules pertaining to amendment of pleadings are liberally construed and are designed to facilitate amendment except when prejudice would result to the opposing party. Prejudice to a defendant that will justify denial of leave to amend arises when the amendment would prevent the defendant from having a fair trial. *Ben P Fyke & Sons v Gunter Co*, 390 Mich 649, 657-658; 213 NW2d 134 (1973). The prejudice must stem from the fact that the new allegations are offered late and not from the fact that they might cause the defendant to lose on the merits. *Id.*

In this case, after the trial court granted defendants' motion for summary disposition, plaintiffs sought leave to amend their complaint to pursue a claim under the sewage disposal act. However, plaintiffs could not articulate with specificity the grounds for the new claim. Further, as the trial court noted, the public expense involved in any further delay of the sewage construction project was great. Because considerable prejudice would have resulted to defendants and the public if plaintiffs were permitted to amend their complaint to claim violations under the sewage disposal act, and in the absence of particular facts supporting this claim, the trial court did not

abuse its discretion in denying plaintiffs leave to amend their complaint. *Weymers, supra* at 654.[3]

Plaintiffs next argue that the trial court erred in granting summary disposition to defendants on that basis that plaintiffs failed to state a cause of action under the Open Meetings Act (OMA), MCL 15.261 *et seq.*; MSA 4.1800(11) *et seq.* We disagree.

The OMA provides in pertinent part:

> (1) [A]ny person may commence a civil action in the circuit court to challenge the validity of a decision of a public body made in violation of this act.

> \*          \*          \*

> (3) The circuit court shall not have jurisdiction to invalidate a decision of a public body for a violation of this act unless an action is commenced pursuant to this section within the following specified period of time:

> (a) Within 60 days after the approved minutes are made available to the public by the public body except as otherwise provided in subdivision (b).

> (b) If the decision involves the approval of contract, the receipt of acceptance of bids, the making of assessments, the procedures pertaining to the issuance of bonds or other evidence of indebtedness, or the submission of a borrowing proposal to the electors, within 30 days after the approved minutes are made available to the public pursuant to that decision. [MCL 15.270; MSA 4.1800(20).]

---

[3] Notably, in a separate action filed against the defendants alleging violations of the sewage disposal act, the trial court dismissed many of the plaintiff's claims pursuant to a motion for summary disposition filed by the defendants and then dismissed the plaintiff's remaining claims after a one-day bench trial on October 11, 1994. This Court granted the defendants' motion to affirm the dismissal of the plaintiff's claims in an order dated October 8, 1996. *Sprowl v Mentor Twp*, unpublished order of the Court of Appeals (entered October 8, 1996, Docket No. 180150).

A party seeking to invalidate a decision by a public body under the OMA must allege both a precise violation of the act and that the violation impaired the rights of the public. *Wilkins v Gagliardi*, 219 Mich App 260, 275; 556 NW2d 171 (1996). The mere recital in a complaint of language that the rights of the public were impaired, without specific references to facts supporting the alleged violation and public impairment, is insufficient. *Cape v Howell Bd of Ed*, 145 Mich App 459, 466-467; 378 NW2d 506 (1985).

Upon review of the record, we agree with the trial court's conclusion that plaintiffs' complaint failed to allege facts regarding the precise nature of the alleged OMA violations, the nature of the public impairment, or the date or time on which the alleged violations occurred. The trial court correctly determined that, absent such information, particularly the date on which approved minutes from a meeting were released to the public, it was unable to determine whether a challenge under the OMA was timely filed and, thus, it did not have jurisdiction to invalidate any decisions made by defendants. Plaintiffs' mere conclusions, unsupported by factual allegations, will not suffice to state a cause of action. *Eason v Coggins Memorial Christian Methodist Episcopal Church*, 210 Mich App 261, 263; 532 NW2d 882 (1995). Accordingly, the trial court properly granted summary disposition to defendants with regard to plaintiffs' OMA claim. *Cape, supra* at 459.

Finally, plaintiffs allege that the sewage disposal act violates the Title-Object Clause of the Michigan Constitution because the title of the act does not expressly permit municipalities to establish a new sanitary system. We disagree.

The Title-Object Clause provides in relevant part that "[n]o law shall embrace more than one object, which shall be expressed in its title." Const 1963, art 4, § 24. In determining the validity of a challenge to a statute on the basis of an alleged violation of the Title-Object Clause, the test is whether the title of the act gives the Legislature and the public fair notice of the challenged statutory provision. *Ray Twp v B & BS Gun Club*, 226 Mich App 724, 728-729; 575 NW2d 63 (1997). The title of the sewage disposal act provides:

> An Act to provide for the incorporation of certain municipal authorities to acquire, own, extend, improve, and operate sewage disposal systems, water supply systems, and solid waste management systems; to prescribe the rights, powers, and duties thereof; to authorize contracts between such authorities and public corporations; and to provide for the issuance of bonds to acquire, construct, extend, or improve the systems.

MCL 124.282(1); MSA 5.2769(52)(1) provides in relevant part:

> Any 2 or more municipalities may incorporate an authority for the purpose of acquiring, owning, improving, enlarging, extending, and operating a sewage disposal system . . . by the adoption of articles of incorporation by the legislative body of each of the municipalities.

Further, MCL 124.284(2)(e); MSA 5.2769(54)(2)(e) permits an authority to

> [d]etermine the location of any project constructed by it under the provisions of this act, and to determine, in its discretion and without reference to any other provision of this act or any other law, the design, standards, and the materials of construction, and construct, maintain, repair, and operate the project.

A review of the text of the statute reveals that the body of the statute parallels the scope of the title. Plaintiffs have failed to explain how the trial court "searched the statute for the meaning of the preamble" of the sewage disposal act. Accordingly, we find no Title-Object Clause violation.

Affirmed.