CROWLEY v GOVERNOR OF MICHIGAN

Docket No. 91786. Submitted December 15, 1987, at Lansing. Decided
April 4, 1988. Leave to appeal applied for.

The Michigan Injured Workers, an organization formed for the
protection of the rights of injured employees, and its president,
Walter Crowley, brought an action in Ingham Circuit Court
against the Governor of Michigan, the Director of the Depart-
ment of Labor, the Director of the Bureau of Workers' Disabil-
ity Compensation, the State Treasurer, and the Legislative
Leadership Committee comprised of the President pro tempore
of the Senate, the Senate Majority Leader, the Speaker of the
House of Representatives and the Speaker pro tempore of the
House of Representatives. Plaintiffs sought to invalidate 1985
PA 103, also known as the workers' compensation reforms,
enacted by the Legislature during a special summer session,
claiming that the Legislative Leadership Committee, which has
authority to convene the Legislature in the case of an emer-
gency, violated the Open Meetings Act by deciding to reconvene
the Legislature for the special summer session without holding
a public meeting prior to its decision. The trial court, Robert
Holmes Bell, J., granted summary disposition in defendants'
favor. Plaintiffs appealed.

The Court of Appeals *held:*

The Legislative Leadership Committee is a unique body
which is not subject to the requirements of the Open Meetings
Act. This committee does not deliberate or make decisions
regarding legislation or public policy in the way that a regular
legislative committee does. The Legislative Leadership Commit-
tee's authority amounts to the sole administrative task of
reconvening the Legislature in the case of an emergency. Thus,
the Legislative Leadership Committee's work involves the in-
house, administrative business of the Legislature and does not

REFERENCES

Am Jur 2d, Administrative Law §§ 229.

Am Jur 2d, Municipal Corporations, Counties, and Other Political
Subdivisions § 161.

Validity, construction, and application of statutes making public
proceedings open to the public. 38 ALR3d 1070.

deal with matters of public policy that would require a public meeting.

Affirmed.

STATUTES — OPEN MEETINGS ACT — LEGISLATIVE LEADERSHIP COMMITTEE.

The Legislative Leadership Committee, which is comprised of the President pro tempore of the Senate, the Senate Majority Leader, the Speaker of the House of Representatives and the Speaker pro tempore of the House of Representatives and which has authority to convene the Legislature in the case of an emergency while the Legislature is adjourned, is not subject to the requirements of the Open Meetings Act when deciding whether to convene a special session of the Legislature (MCL 15.261 *et seq.*; MSA 4.1800[11] *et seq.*).

*Anderson & Associates, P.C.* (by *Herman J. Anderson*), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Susan Peck Iannotti,* Assistant Attorney General, for the Legislative Leadership Committee.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *George H. Weller,* Assistant Attorney General, for other defendants.

Before: H. HOOD, P.J., and SAWYER and T. E. JACKSON,* JJ.

T. E. JACKSON, J. Plaintiffs challenge the validity of reforms to the Michigan workers' compensation laws, alleging a violation of the Open Meetings Act, MCL 15.261 *et seq.*; MSA 4.1800(11) *et seq.*, and improprieties in the holding of a special legislative session at which the reforms were enacted. On December 11, 1985, the trial court granted defendants' motion for summary disposition as to

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

this allegation in plaintiffs' complaint. Plaintiffs appeal as of right. We affirm.

Plaintiffs are the Michigan Injured Workers, an organization formed for the protection of the rights of injured employees, and its president, Walter Crowley. Defendants are members of the Legislative Leadership Committee and several other state officials. In Count VI of the complaint, which is the only count at issue in this appeal, plaintiffs alleged that a special session of the Legislature was improperly convened and that the passage of the workers' compensation reforms then enacted violated the Open Meetings Act.

On July 12, 1985, both the Michigan House of Representatives and the Michigan Senate were declared adjourned until September 18, 1985. On July 24, 1985, every member of the House of Representatives and Michigan Senate was notified that the Legislature would convene for a special summer session on Tuesday, July 30, 1985, at 2:00 P.M. The purpose of the special session was to consider a conference report for Senate Bill No. 7, which provided for reforms to Michigan's workers' compensation system. The Legislative Leadership Committee called for the special session, pursuant to its authority under Rule 14 of the Joint Rules of the Senate and House, after determining that an emergency existed which necessitated reconvening the Legislature prior to September 18, 1985. At that time, the Legislative Leadership Committee consisted of Senator John M. Engler, as Senate Majority Leader, Representative Gary M. Owen, as Speaker of the House, Senator Harry DeMaso, as President pro tempore of the Senate, and Mathew McNeely as the House Speaker pro tempore.

During the special summer session, Senator Basil Brown challenged the procedure by which the Legislative Leadership Committee had reconvened

the Legislature. Senator Brown raised a point of order that the Senate was not legally convened in compliance with the Open Meetings Act. However, the Chair ruled that the Senate was legally convened pursuant to Joint Rule 14.

The Michigan Legislature passed Senate Bill No. 7 during the session, which later became 1985 PA 103 (also known as the workers' compensation reforms). Both houses of the Legislature also moved to have the workers' compensation reforms given immediate effect. The motions were passed and Governor Blanchard signed the workers' compensation reforms into law. Thereafter, plaintiffs filed the instant action against defendants.

Defendants moved for summary disposition under MCR 2.116(C)(8) or (10) and, on December 11, 1985, the trial court granted defendants' motion as to Count VI, holding that the passage of the workers' compensation reforms did not violate the Open Meetings Act.

On appeal, plaintiffs contend that the Legislative Leadership Committee violated the Open Meetings Act by deciding to reconvene the Legislature without holding a public meeting. We disagree.

Rule 14 of the Joint Rules of the Senate and House of Representatives provides in pertinent part:

> In any event where either or both Houses of the Legislature adjourns to a date certain for more than two days, a committee composed of the President pro tempore of the Senate, the Majority Leader of the Senate, the Speaker and the Speaker pro tempore of the House of Representatives may by a majority vote of that committee convene either or both Houses of the Legislature at any time in case of emergency.

Thus, pursuant to Rule 14, the Legislative Leadership Committee had authority to convene the Legislature in the case of an emergency.

The definitional provision of § 2 of the Open Meetings Act, MCL 15.262; MSA 4.1800(12), provides:

> (a) "Public body" means any state or local legislative or governing body, including a board, commission, committee, subcommittee, authority, or council, which is empowered by state constitution, statute, charter, ordinance, resolution, or rule to exercise governmental or proprietary authority or perform a governmental or proprietary function, or a lessee thereof performing an essential public purpose and function pursuant to the lease agreement.
>
> (b) "Meeting" means the convening of a public body at which a quorum is present for the purpose of deliberating toward or rendering a decision on a public policy.
>
> (c) "Closed session" means a meeting or part of a meeting of a public body which is closed to the public.
>
> (d) "Decision" means a determination, action, vote, or disposition upon a motion, proposal, recommendation, resolution, order, ordinance, bill, or measure on which a vote by members of a public body is required and by which a public body effectuates or formulates public policy.

The public meeting requirement of § 3 of the Open Meetings Act, MCL 15.263; MSA 4.1800(13), provides in pertinent part:

> (1) All meetings of a public body shall be open to the public and shall be held in a place available to the general public. All persons shall be permitted to attend any meeting except as otherwise provided in this act.
>
> (2) All decisions of a public body shall be made at a meeting open to the public.

(3) All deliberations of a public body constituting a quorum of its members shall take place at a meeting open to the public . . . .

Additionally, MCL 15.270; MSA 4.1800(20) provides in part:

(1) Decisions of a public body shall be presumed to have been adopted in compliance with the requirements of this act. The attorney general, the prosecuting attorney of the county in which the public body serves, or any person may commence a civil action in the circuit court to challenge the validity of a decision of a public body made in violation of this act.

(2) A decision made by a public body may be invalidated if the public body has not complied with the requirements of section 3(1), (2), and (3) in making the decision or if failure to given notice in accordance with section 5 has interfered with substantial compliance with section 3(1), (2), and (3) and the court finds that the noncompliance or failure has impaired the rights of the public under this act.

Plaintiffs argue that the Legislative Leadership Committee is a "public body" as defined in the Open Meetings Act and that the committee's "decision" to reconvene the Legislature should have been made at a public meeting. Plaintiffs maintain that the committee improperly convened the Legislature, without a public meeting, by engaging in "round-robining," a practice of instituting a series of telephone calls as notification to other committee members. Thus, pursuant to MCL 15.270(2); MSA 4.1800(20)(2), plaintiffs contend that the workers' compensation reforms, 1985 PA 103, should be invalidated.

On the other hand, defendants deny that the Legislative Leadership Committee agreed on the

time and date for reconvening the Legislature by a series of telephone calls. Defendants contend that each committee member affixed his signature to a letter circulated among them.

However, regardless of which method was used, the committee still engaged in a type of round-robining and did not hold a meeting to consider if an emergency necessitated the reconvening of the Legislature.

Plaintiffs assert that, pursuant to two opinions of Michigan's Attorney General, the Legislative Leadership Committee should be included within the purview of the Open Meetings Act and may not engage in the practice of round-robining. In OAG, 1977-1978, No 5222, p 216 (September 1, 1977), the Attorney General opined that a legislative committee is a "public body" whose meetings are subject to the provisions of the Open Meetings Act and that the practice of round-robining defeats the public's right to be present and to observe the manner in which decisions of legislative committees are made. Also, in OAG, 1977-1978, No 5300, p 451 (May 22, 1978), the Attorney General opined that meetings of legislative joint conference committees are subject to the Open Meetings Act.

On the other hand, defendants assert that the Legislative Leadership Committee is not a "public body," pursuant to MCL 15.262(a); MSA 4.1800(12)(a), because it does not "legislate" or "govern." Additionally, defendants argue that the committee's setting of a date and time for reconvening the Legislature was not a "decision" of a public body that effectuates or formulates public policy. Thus, defendants contend that the Legislative Leadership Committee was not subject to the Open Meetings Act and did not have to hold a public meeting in order to set a time and date for reconvening the Legislature. We agree.

The Legislative Leadership Committee is a unique body that should not be subject to the requirements of the Open Meetings Act. This committee does not deliberate or make decisions regarding legislation or public policy in the way that a regular legislative committee does. The Legislative Leadership Committee's authority amounts to the sole administrative task of reconvening the Legislature in the case of an emergency. Thus, the Legislative Leadership Committee's work involves the in-house, administrative business of the Legislature and does not deal with matters of public policy that would require a public meeting.

Even if the scheduling decision of the Legislative Leadership Committee was subject to the Open Meetings Act, this Court may not invalidate the decision of the committee unless the rights of the public have been impaired. In *Esperance v Chesterfield Twp,* 89 Mich App 456, 464; 280 NW2d 559 (1979), this Court stated:

> Merely because secret balloting is prohibited by the Open Meetings Act does not automatically mean that the board's decision in the present case must be invalidated, and that an injunction must issue restraining defendant from utilizing the procedure in the future.
>
> Invalidation of decisions made in contravention of the act is discretionary with the court. Those seeking to have the decision invalidated must allege not only that the public body failed to comply with the act, but also that this failure impaired the rights of the public. MCL 15.270(2); MSA 4.1800(20)(2).

Plaintiffs allege in this appeal that the rights of 9,059 members of the public have been impaired because their right to have their workers' compensation cases heard has been delayed at least nine

months. However, even assuming that plaintiffs' allegation reaches the threshold of an impairment of public rights, the Legislative Leadership Committee's decision to reconvene the Legislature is not what caused the delay to 9,059 workers' compensation claimants. Any such impairment of public rights would have been caused by the passage of the workers' compensation reforms and not the committee's decision to reconvene the Legislature.

The instant case involves plaintiffs who are obviously displeased with the workers' compensation reforms and are looking for a way to invalidate them. Yet, the Open Meetings Act, even if applied to the Legislative Leadership Committee, would only invalidate the scheduling decision of the committee. The act would not invalidate the Legislature's actual passage of the workers' compensation reforms. Since the Legislature's deliberations over the workers' compensation reforms were open to the public and did not constitute a violation of the Open Meetings Act, the actual passage of the workers' compensation reforms should not be invalidated.

The trial court properly granted defendants' motion for summary disposition as to Count VI of the complaint.

Affirmed.