*In re* JUDE

Docket No. 199145. Submitted December 2, 1997, at Lansing. Decided March 17, 1998, at 9:20 A.M.

Floyd Jude, by complaint for superintending control in the Jackson Circuit Court, sought review on certiorari pursuant to the Drain Code, MCL 280.1 *et seq.*; MSA 11.1001 *et seq.*, of a decision by a board of review appointed by the Jackson County Probate Court to review apportionment by the Jackson County drain commissioner of the costs of a drain extension among Jude, Dennis D. and Cheryl A. Heselschwerdt, and other owners of realty affected by the drain extension. Jude alleged that the board of review violated the Open Meetings Act (OMA), MCL 15.261 *et seq.*; MSA 4.1800(11) *et seq.*, when, without the notice required by the OMA, the board reconvened a meeting that had been adjourned a week earlier. The circuit court, Edward J. Grant, J., dismissed the complaint, ruling that the board was not subject to the OMA. Jude appealed by leave granted.

The Court of Appeals *held*:

1. Section 8 of the Drain Code, MCL 280.8; MSA 11.1008, requires a board created pursuant to the code to conduct its business at public meetings held in compliance with the OMA. Section 5(5) of the OMA, MCL 15.265(5); MSA 4.1800(15)(5), provides that a meeting that is recessed for more than thirty-six hours shall be reconvened only after public notice pursuant to § 5(4) has been given.

2. Invalidation of a decision made in contravention of the OMA is discretionary. A decision will be invalidated if, as in this case, noncompliance with the OMA has impaired the rights of the public.

Reversed and remanded to the circuit court for reinstatement of drain commissioner's original apportionment.

1. DRAINS — BOARDS OF REVIEW — OPEN MEETINGS ACT.

A board of review appointed by a probate court pursuant to the Drain Code to review an apportionment by a county drain commissioner of the costs of a drain project among affected landowners must conduct its business at public meetings held in compliance with the Open Meetings Act (MCL 15.261 *et seq.*, 280.1 *et seq.*; MSA 4.1800(11) *et seq.*, 11.1001 *et seq.*).

2. STATUTES — OPEN MEETINGS ACT — INVALIDATION OF DECISIONS.

    A decision made in violation of the Open Meetings Act is subject to judicial invalidation at the discretion of the court; a decision will be invalidated where noncompliance with the act has impaired the rights of the public; mere recital that the rights of the public have been impaired is insufficient to invalidate; factual allegations in support of the conclusion that the rights of the public have been impaired must be presented (MCL 15.270[2]; MSA 4.1800[20][2]).

*Keusch and Flintoft, P.C.* (by *Peter C. Flintoft*), for the plaintiff.

*William F. Navarre*, for Dennis D. and Cheryl A. Heselschwerdt.

Before: GRIBBS, P.J., and MURPHY and GAGE, JJ.

PER CURIAM. Plaintiff appeals by leave granted the order of the circuit court affirming the decision of a board of review made pursuant to the Drain Code of 1956 (Drain Code), MCL 280.1 *et seq.*; MSA 11.1001 *et seq.*, decreasing the amounts that defendant landowners must pay in connection with a drain expansion project and increasing plaintiff's assessment by the same amount. We reverse and remand.

I

    This case arises out of a drain expansion project, known as "Austin Drain No. 1, Extension Drain" (Austin Drain), supervised by defendant Jackson County Drain Commissioner Geoffrey Snyder. Plaintiff and defendants Dennis and Cheryl Heselschwerdt, Dale and Grace Ebersole, and Debra Cramer own property within the drainage district affected by the project. Pursuant to the Drain Code, the drain commissioner commenced proceedings to correct a flooding problem caused by the inadequacy of the Austin Drain. In accordance with the provisions of the Drain Code, the

drain commissioner made a final order of determination respecting the apportionment of benefits to accrue to affected property by reason of the drain improvement and allocated the cost of the project to the landowners accordingly. Thereafter, the drain commissioner notified all affected landowners that a board of determination meeting would be held for the purpose of conducting a review of the apportionment. The board of determination confirmed the apportionment, and this Court, in an unrelated case, affirmed the decision of the circuit court that affirmed the decision of the board of determination. *Ebersole v Snyder*, unpublished opinion per curiam of the Court of Appeals, issued January 12, 1995 (Docket No. 153624).

Following the board of determination's confirmation of the drain commissioner's apportionment, defendant landowners filed an appeal of the apportionment with the probate court. As required by the Drain Code, the probate court appointed a board of review to determine whether there was manifest error or inequality in the drain commissioner's apportionment. Pursuant to the notice requirements of the Drain Code, MCL 280.156; MSA 11.1156, the drain commissioner posted notice that the board of review would meet on August 27, 1996, for the purpose of reviewing the apportionment. Plaintiff concedes that he received actual notice of this meeting. Following the board of review's initial meeting, the board of review adjourned and reconvened one week later on September 3, 1996. No public notice was given of the time and place of the second meeting of the board of review. At the conclusion of the second meeting, the board of review reapportioned the drain commis-

sioner's apportionment to reflect a decrease in defendant landowners' assessments and a corresponding increase in plaintiff's assessment.

Plaintiff appealed the decision of the board of review to the circuit court, arguing that the board of review convened to review the drain commissioner's apportionment in violation of the Open Meetings Act (OMA), MCL 15.261 *et seq.*; MSA 4.1800(11) *et seq.* The circuit court, however, affirmed the board of review's reapportionment, finding that a board of review is a quasi-judicial body, not subject to the requirements of the OMA. Noting the Drain Code contains its own notice requirements, the circuit court ruled that plaintiff received all the notice that was required under the circumstances.

II

We are asked to determine whether the OMA applies to meetings held by a board of review appointed by a probate court pursuant to the Drain Code for the purpose of reviewing a drain commissioner's apportionment of benefits. Because this is a question of law, our review is de novo. *Cardinal Mooney High School v Michigan High School Athletic Ass'n*, 437 Mich 75, 80; 467 NW2d 21 (1991).

Plaintiff argues that business conducted by a board of review created pursuant to the Drain Code must comply with the OMA because the Drain Code expressly requires such compliance. We agree. The Drain Code provides as follows:

> The business which a board or commission created pursuant to [the Drain Code], or a body of special commissioners appointed pursuant to [the Drain Code], may perform shall be conducted at a public meeting of the board, com-

mission, or body of special commissioners held in compliance with [the OMA]. Public notice of the time, date, and place of the meeting shall be given in the manner required by [the OMA]. [MCL 280.8(1); MSA 11.1008(1).]

The primary goal of judicial interpretation or construction of a statute is to give effect to the intent of the Legislature. *Farrington v Total Petroleum, Inc,* 442 Mich 201, 212; 501 NW2d 76 (1993). If the plain and ordinary meaning of the language of a statute is clear, judicial interpretation or construction is generally neither necessary nor permitted. *Heinz v Chicago Rd Investment Co,* 216 Mich App 289, 295; 549 NW2d 47 (1996). We find that the language of MCL 280.8(1); MSA 11.1008(1) is clear. Because the board of review is a board created pursuant to the Drain Code, it must conduct its business at a public meeting held in compliance with the OMA.

Defendants contend, however, that the board of review is not a public body, and therefore, it need not comply with the requirements of the OMA. It is true that the OMA applies only to public bodies, MCL 15.263(1); MSA 4.1800(13)(1); however, in light of the Legislature's clear pronouncement that a board created pursuant to the Drain Code must conduct its business in compliance with the OMA, MCL 280.8(1); MSA 11.1008(1), whether a board of review is a public body as contemplated by the OMA is a question that we need not reach because the Legislature has expressed that the business conducted by a board created pursuant to the Drain Code is within the purview of the OMA.

It is uncontested in this case that the board of review made no attempt to comply with the OMA. Although plaintiff had actual notice of the first meet-

ing of the board of review, the board of review adjourned this meeting and reconvened one week later, without affording fresh notice to the public. The OMA provides that "[a] meeting of a public body which is recessed for more than 36 hours shall be reconvened only after public notice, which is equivalent to that required under" MCL 15.265(4); MSA 4.1800(15)(4), which requires the posting of public notice of the date, time, and place of the meeting at least eighteen hours before the meeting. MCL 15.265(5); MSA 4.1800(15)(5). Here, because notice of the second meeting was not given to the public, the board of review conducted the meeting in violation of the OMA.

Invalidation of a decision made in contravention of the OMA is discretionary. *Crowley v Governor of Michigan*, 167 Mich App 539, 546; 423 NW2d 258 (1988). We will invalidate a decision made in contravention of the OMA if noncompliance with the OMA has impaired the rights of the public. MCL 15.270(2); MSA 4.1800(20)(2); *Wilkins v Gagliardi*, 219 Mich App 260, 275; 556 NW2d 171 (1996). A mere recital that the rights of the public were impaired is insufficient to support a request for invalidation. *Cape v Howell Bd of Ed*, 145 Mich App 459, 467; 378 NW2d 506 (1985). Rather, the plaintiff must present factual allegations to support the conclusion that the rights of the public were impaired. *Id.*

We find that plaintiff has shown a violation of the OMA that impaired the rights of the public. Plaintiff alleged that, at the second meeting of the board of review, defendant landowners persuaded the board of review to decrease the apportionment of benefits allocated to defendants and increase plaintiff's apportion-

ment of benefits correspondingly. Therefore, plaintiff has proffered more than a mere recital that the rights of the public were impaired; he has set forth sufficient factual allegations to support that conclusion.

Accordingly, we invalidate the decision of the board of review and remand this case to the circuit court with instructions that the circuit court reinstate the drain commissioner's original apportionment. Defendant landowners are entitled to again appeal the drain commissioner's apportionment to the probate court; however, the business conducted by a board of review appointed by the probate court pursuant to the Drain Code must comply with the OMA.

Reversed and remanded. We do not retain jurisdiction.