# Order

**Michigan Supreme Court**
**Lansing, Michigan**

February 2, 2010

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

139319-21
139328-33

BARBARA LYNN SALT, Personal
Representative of the Estate of ALYSHA LYNN
SALT, Deceased,
   Plaintiff-Appellee,

v

ANDREW C. GILLESPIE, GERALDINE LYNN
IRVINE, PIXIE, INC., d/b/a BENNIGAN'S, and
MASON JAR PUB & GRUB,
   Defendants,
and

QUALITY DAIRY COMPANY,
   Defendant-Appellant.

SC: 139319
COA: 277391
Ingham CC: 05-000060-NS

_____

JOSEPH BOLANOWSKI, Personal
Representative of the Estate of ROBERT M.
BOLANOWSKI, Deceased, BRENDA J.
BOLANOWSKI, and TERRANCE D. HALL,
   Plaintiffs-Appellees,

v

ANDREW C. GILLESPIE, GERALDINE LYNN
IRVINE, f/k/a GERALDINE LYNN GATHMAN,
RONALD SHEELE ENTERPRISES, L.L.C., d/b/a
MASON JAR PUB & GRUB, and SWEET
ONION, INC., d/b/a BENNIGAN'S,
   Defendants,
and

QUALITY DAIRY COMPANY,
   Defendant-Appellant.

SC: 139320
COA: 277392
Ingham CC: 05-000161-NI

_____

STEPHEN ANCONA,
   Plaintiff-Appellee,

v

ANDREW C. GILLESPIE, GERALDINE LYNN IRVINE, f/k/a GERALDINE LYNN GATHMAN, RONALD SHEELE ENTERPRISES, L.L.C., d/b/a MASON JAR PUB & GRUB, and SWEET ONION, INC., d/b/a BENNIGAN'S,
           Defendants,
and

QUALITY DAIRY COMPANY,
           Defendant-Appellant.

SC: 139321
COA: 277393
Ingham CC: 05-000297-NI

_____/

BARBARA LYNN SALT, Personal Representative of the Estate of ALYSHA LYNN SALT, Deceased,
           Plaintiff-Appellant,

v

ANDREW C. GILLESPIE, GERALDINE LYNN IRVINE, and QUALITY DAIRY COMPANY,
           Defendants,
and

PIXIE, INC., d/b/a BENNIGAN'S, and RONALD SHEELE ENTERPRISES, L.L.C., d/b/a MASON JAR PUB & GRUB,
           Defendants-Appellees.

SC: 139328; 139331
COA: 277400; 277434
Ingham CC: 05-000060-NS

_____

JOSEPH BOLANOWSKI, Personal Representative of the Estate of ROBERT M. BOLANOWSKI, Deceased, BRENDA J. BOLANOWSKI, and TERRANCE D. HALL,
           Plaintiffs-Appellants,

v

ANDREW C. GILLESPIE, GERALDINE LYNN IRVINE, f/k/a GERALDINE LYNN GATHMAN, and QUALITY DAIRY COMPANY,
           Defendants,
and

SWEET ONION, INC., d/b/a BENNIGAN'S, and RONALD SHEELE ENTERPRISES, L.L.C., d/b/a MASON JAR PUB & GRUB,
           Defendants-Appellees.

SC: 139329; 139332
COA: 277402; 277435
Ingham CC: 05-000161-NI

_____

STEPHEN ANCONA,
      Plaintiff-Appellant,

v                                               SC: 139330; 139333
                                                 COA: 277404; 277436
                                                 Ingham CC: 05-000297-NI

ANDREW C. GILLESPIE, GERALDINE LYNN
IRVINE, f/k/a GERALDINE LYNN GATHMAN,
and QUALITY DAIRY COMPANY,
      Defendants,
and

SWEET ONION, INC., d/b/a BENNIGAN'S, and
RONALD SHEELE ENTERPRISES, L.L.C., d/b/a
MASON JAR PUB & GRUB,
      Defendants-Appellees.
_____/

On order of the Court, the applications for leave to appeal the April 21, 2009 judgment of the Court of Appeals are considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE that part of the judgment of the Court of Appeals granting summary disposition to Bennigan's for the reasons stated in the Court of Appeals dissenting opinion. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

KELLY, C.J. (*concurring*).

The opinion in the Court of Appeals by Judge Douglas Shapiro, concurring in part and dissenting in part, persuasively explained the rationale for the trial court's grant of summary disposition with regard to defendant Bennigan's. He wrote:

> I dissent, however, from the majority's acceptance of the trial court's conclusion that a fact-finder could not reasonably conclude that Gillespie was served at Bennigan's when he was visibly intoxicated. To find such a reasonable conclusion would require a question of material fact (created by evidence or reasonable inferences derived therefrom) that: (a) Gillespie was present at Bennigan's; (b) while there he was visibly intoxicated; and (c) he was served a drink while in that state. Based on the record, I would conclude that such a reasonable conclusion exists.
>
> The first requirement, i.e., that there be a reasonable question of material fact that Gillespie was present at Bennigan's that evening, is straightforward. Although the majority attempts to cast doubt on the issue, there is clearly a question of fact. First, Bennigan's conceded, for purposes of its motion for summary disposition and for this appeal, that there is a

reasonable question of material fact on this issue. Even if this were not the case, Gillespie's testimony clearly creates such a question. Gillespie testified in his deposition that he specifically recalled walking in the front door of Bennigan's after he stopped at the Quality Dairy and that he recalled sitting on a stool at the bar in Bennigan's, remaining there for as much as two hours, ordering at least one drink while there and being told while there that he was being too loud. The majority seems to equivocate on this issue, noting that his presence at Bennigan's is inconsistent with the chronology constructed by Bennigan's counsel and characterizing his testimony as "vague." However, the chronologies put forward by other parties allow for Gillespie's presence at Bennigan's and the majority's view of the relevant testimony as "vague" is both incorrect and irrelevant. Gillespie's recollection of being at Bennigan's is clear. More important, it is not for this Court to determine the credibility of a witness. The "vagueness" of testimony, unless it is devoid of foundation, goes to the weight, not the admissibility of the testimony and it is not for this Court to determine what weight to give it. That is the most essential role of the finder of fact. For a court to grant summary disposition because it does not find a particular witness convincing undercuts the core role of the fact-finder. *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002) ("It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences"). In any event, as already noted, Bennigan's has conceded, at least at this time, that there is a reasonable basis for a jury to find that Gillespie was there that night.

The second requirement, i.e., that there be a reasonable question of material fact that Gillespie was visibly intoxicated while at Bennigan's, is also straightforward. As noted by the majority in its discussion concerning Quality Dairy, a reasonable trier of fact could conclude that Gillespie was visibly intoxicated following his alcohol consumption at the Mason Jar. This would include the time at which he is alleged to have been at Bennigan's. In addition, the Bennigan's stop is alleged to have occurred after the consumption of at least some of the Quality Dairy liquor. Finally, Gillespie testified that while at Bennigan's he was told that he was being too loud and to quiet down. Thus, there is a question of fact whether Gillespie was visibly intoxicated at the time he claimed to have been at Bennigan's.

The last requirement, i.e., that there be a reasonable question of material fact that Gillespie was served alcohol at Bennigan's, is also met. First, defendant Bennigan's concedes for purposes of its summary disposition motion that Gillespie did order a drink. Second, Gillespie

testified that he ordered a drink and when asked if the bartender served him he answered, "Yeah, he would have given it to me." He was also asked whether it was true that "he have no recollection of consuming alcohol at Bennigan's," to which he responded that it was not true. He was then asked by counsel for Bennigan's if it was possible that, given that he was loud, the bartender might have refused him service and he answered, "I don't think so." When asked the same question again, he did concede that such a scenario was possible.

If a fact-finder chose to believe Gillespie's testimony, it could conclude, based on direct evidence that he was served at Bennigan's. Moreover, even if a jury doubted some of Gillespie's testimony, it could reasonably infer that an individual who sits at a bar and orders a drink will be served. There certainly is no evidence to suggest that anyone at Bennigan's that evening was denied service at the bar. None of the Bennigan's employees testified to such an event and Bennigan's manager conceded that such an "out of the ordinary occurrence" would typically be noted in the shift log and that no such notation was made. If a jury accepts Gillespie's testimony that he ordered a drink at Bennigan's and there is no evidence that anyone was refused a drink that evening, it is a reasonable inference that Gillespie was served.

This is not to say that plaintiffs should or will prevail against Bennigan's at trial. There are sharp questions of fact, which a jury may very well resolve in favor of Bennigan's, and there are good reasons to question whether a jury will accept Gillespie's testimony. However, the role of this Court, and of the trial court in a (C)(10) motion, is clearly circumscribed.

Under MCR 2.116(C)(10), plaintiffs, as the nonmoving party, are not only entitled to have all conflicting evidence viewed in their favor, but also "reasonable inferences" as well. *Knauff v Oscoda Co Drain Comm'r*, 240 Mich App 485, 488; 618 NW2d 1 (2000). I believe that the majority has wrongly blurred the line between a "reasonable inference" and "mere speculation or conjecture." It would have been mere conjecture and Bennigan's would have been entitled to summary disposition if Gillespie had testified simply that it was "possible" that he went Bennigan's and consumed alcohol there. But that is not his testimony. He testified that he went to Bennigan's, that he sat at the bar, that he ordered a drink, and that he remained there for two hours. Moreover, there is no evidence that anyone was refused service that evening at Bennigan's. A conclusion that he was served is not mere speculation or conjecture but instead "a

reasonable inference" based upon the evidence taken in light most favorable to plaintiff.

> The majority seems to suggest that absent someone actually witnessing the service, no reasonable juror could find it occurred. In my view, this negates the principle that reasonable inferences as well as disputed evidence is to be taken in the light most favorable to the non-moving party. Ironically, the majority appears to rely on Gillespie's testimony that being refused service was something that "could [have] happen[ed]," ignoring his immediately preceding statement that he did not think that was what actually happened. Relying on a statement that something "could have happened" is exactly the type of speculation and conjecture which the majority criticizes, yet it is what it relies upon here.

[*Salt v Gillespie,* unpublished opinion per curiam of the Court of Appeals (Shapiro, J., concurring in part and dissenting in part), issued April 21, 2009 (Docket No. 277391) footnotes omitted.]

MARKMAN, J. (*concurring in part and dissenting in part*).

In this dramshop action, plaintiffs sued three businesses — Mason Jar Pub, Quality Dairy, and Bennigan's — following a fatal automobile accident caused by an intoxicated driver, Andrew Gillespie. The trial court denied all defendants' motions for summary disposition. The Court of Appeals then reversed as to Mason Jar Pub and Bennigan's, but affirmed as to Quality Dairy. This Court now denies leave to appeal regarding Mason Jar Pub and Quality Dairy, but reinstates the action against Bennigan's. I concur in the order with reference to Mason Jar Pub, but dissent with reference to Quality Dairy and Bennigan's.

When a defendant, as here, files a motion for summary disposition under MCR 2.116(C)(10), the trial court must consider the affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion. *Maiden v Rozwood*, 461 Mich 109, 120 (1999). But "where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Id*. Moreover, a party opposing a motion for summary disposition must present more than conjecture and speculation to establish that a genuine issue of material fact exists. *Karbel v Comerica Bank*, 247 Mich App 90, 97 (2001).

In order to establish a prima facie dramshop action, a plaintiff must show that a business sold alcohol to a patron; while the patron was visibly intoxicated and that the selling of the alcohol constituted a proximate cause of the plaintiff's injury. MCL 436.1801(3); *Reed v Breton*, 475 Mich 531 (2006). To establish "visible intoxication"

under MCL 436.1801(3), a plaintiff must present evidence of "*actual* visible intoxication." *Id.* at 534 (emphasis added). Moreover, pursuant to MCL 436.1801(8), there is a rebuttable presumption that a business, other than that which last sold the alcohol, has not committed any act giving rise to a cause of action. A plaintiff rebuts this presumption by showing not only the evidence required for a prima facie case, but also clear and convincing evidence to rebut the presumption. *Id.* at 533.

I initially note that Gillespie testified that he did "not recall," but that he "had been told" that he had even been at Mason Jar Pub, Quality Dairy and Bennigan's to purchase or consume alcohol the day of the accident. This is explained perhaps by the facts that Gillespie had taken two mood-enhancing prescription drugs that day before consuming alcohol; he himself had been injured in the fatal car crash when his head went through the windshield; and he only woke up five days later in the hospital. No other witness positively placed Gillespie at Quality Dairy or Bennigan's on the evening in question. While Gillespie did testify as if speaking from personal knowledge at other points in his deposition, I question the value of such testimony in discerning a genuine issue of material fact when that same witness had testified he was only repeating what others had told him. Just as a party may not create a factual dispute by submitting an affidavit that contradicts his sworn testimony, *Casey v Auto-Owners Ins Co*, 273 Mich App 388, 396 (2006), I see no principled basis for determining that a genuine issue of material fact exists for ignoring a witness' testimony that he had no recollection of the night in question, and then relying on other of his testimony that he did possess some personal knowledge of the evening in question. See also *United States v 1980 Red Ferrari*, 827 F2d 477, 480 n3 (CA 9, 1987) (holding that internally contradictory deposition testimony created no issue of material fact).

Quality Dairy was the second-to-last business (after Mason Jar Pub) to sell Gillespie an alcoholic beverage — assuming it did sell him such a beverage. Gillespie testified that he purchased half a pint of Popov vodka at Quality Dairy, but computer records indicate that Quality Dairy did not sell a half pint of Popov vodka near the time in question. Assuming, however, that Gillespie did purchase an alcoholic beverage from Quality Dairy, plaintiffs still had to establish a genuine issue of material fact that they could prove by clear and convincing evidence that Gillespie was actually visibly intoxicated at the time Quality Dairy sold him an alcoholic beverage. The only conceivable evidence of this was testimony from a patron of Mason Jar Pub that Gillespie's eyes were slightly red as he left Mason Jar Pub at some indeterminate earlier time, and that as he was leaving, he stumbled slightly as he was sliding sideways to get between two tables on his way out. Gillespie himself also said his intoxication must have been obvious because he had been loud and boisterous at Mason Jar Pub, although there was no other evidence to this effect and, as already noted, Gillespie testified at one point that he could not even recall *being* at Mason Jar Pub. In my judgment, this evidence, even when viewed in a light most favorable to plaintiffs, is insufficient to create a genuine issue of material fact by clear and convincing evidence that Gillespie was

*actually visibly intoxicated* when he allegedly purchased an alcoholic beverage at Quality Dairy.

Bennigan's was the last retail establishment that served Gillespie an alcoholic beverage before the accident — assuming, again, that it did sell him such a beverage. Thus, Bennigan's is not entitled to the rebuttable presumption that it did not commit any act giving rise to a cause of action. As the Court of Appeals explained in some detail, the sequence of events on the night of the accident makes it unlikely that Gillespie was ever at Bennigan's that night. Nevertheless, once again on the assumption Gillespie was at Bennigan's, in order to defeat its motion for summary disposition, plaintiffs had to establish as part of a prima facie case that Gillespie was actually visibly intoxicated when Bennigan's sold him an alcoholic beverage after he left Mason Jar Pub and Quality Dairy. Here again, the only evidence of actual visible intoxication was Gillespie's own testimony that he had been loud and boisterous at Mason Jar Pub, and the Mason Jar Pub patron's testimony that Gillespie had slightly red eyes and that he slightly stumbled navigating between tables as he left at some indeterminate time before he went to Quality Dairy and well before he went to Bennigan's. Gillespie himself also testified, despite not recalling being at Bennigan's, that "the only thing I remember from Bennigan's is someone telling me I was being loud," and that he purchased a vodka and orange juice while at Bennigan's, although computer records showed that Bennigan's did not sell a vodka and orange juice to any customer during the day of the accident and no else testified about this incident. Gillespie also testified that he did not recall being served a drink at Bennigan's nor did he recall consuming a drink at Bennigan's. In my judgment, this evidence, even when viewed in the light most favorable to plaintiffs, is insufficient to create a genuine issue of material fact that Gillespie was *actually visibly intoxicated* when he allegedly purchased an alcoholic beverage at Bennigan's.

The perpetrator of the horrendous crime underlying this case was Andrew Gillespie and he is deservedly serving 15 to 30 years' imprisonment on two counts of second-degree murder. However, in my judgment, there is insufficient evidence that the servers and sales clerks of Mason Jar Pub, Quality Dairy, and Bennigan's — even if it can be demonstrated that they all did, in fact, sell alcohol to Gillespie — should reasonably have observed that he was *actually visibly intoxicated*. Under these circumstances, I do not believe that defendants should be required to stand trial for complicity in Gillespie's crime.

CORRIGAN, J., joins the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 2, 2010

Clerk